IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SIMPLOT AB RETAIL, INC., *d/b/a* SIMPLOT GROWER SOLUTIONS, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 2:24-CV-219-RAH<br>) |
| OSCAR L. HAMILTON, | )<br>) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

## **I. INTRODUCTION**

Before the Court is Plaintiff Simplot AB Retail, Inc., doing business as Simplot Grower Solutions' *Motion for Default Judgment* (doc. 10) against Defendant Oscar L. Hamilton. After careful review of the record, the Court will grant the motion, enter default judgment against Defendant, and find Defendant liable to Plaintiff for $273,525.74 in compensatory damages.

## **II. JURISDICTION AND VENUE**

The Court has diversity subject matter jurisdiction under 28 U.S.C § 1332. The amount in controversy exceeds $75,000, and the parties are citizens of different states. Personal jurisdiction and venue are not contested.

## **III. STANDARD OF REVIEW**

Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment. An entry of default must precede an entry of a default judgment. *See* Fed. R. Civ. P. 55. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter

1

the defendant's default. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

"When a defendant defaults, he 'admits the plaintiff's well-pleaded allegations of fact.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1106 (11th Cir. 2015)). The Court may but is not required to hold a hearing before entering a default judgment. "Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno*, 804 F.3d at 1366. "The district court may forego a hearing where all essential evidence is already of record." *Id.* (internal quotations omitted).

Pursuant to Federal Rule of Civil Procedure 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." If the record is sufficient, a district court may determine damages without a hearing. *See Sec. & Exch. Comm'n v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543–44 (11th Cir. 1985). When assessing damages, a district court must "assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

## IV. BACKGROUND

On April 8, 2024, Plaintiff filed its Complaint alleging Defendant breached a credit agreement between the parties, causing monetary damages to Plaintiff. (Doc. 1 at 2–4.)

More specifically, on January 19, 2023, the parties entered into a valid credit agreement up to $250,000, which included a Personal Guaranty that Defendant would pay all amounts due and owing to Plaintiff. Through the credit agreement,

2

Plaintiff would sell farm products to Defendant, in his capacity as operator of an "individual/sole proprietorship" farm. (*Id.* at 2, 6–9.) Defendant later breached the agreement when he failed "to pay the invoices on the credit purchases between April 2023 and September 2023." (*Id.* at 2.) Defendant's account statement, which Plaintiff's corporate representative Nick Koski attests are "true and correct copies" of documents "kept in the course of a regularly conducted business activity" (doc. 10-1 at 1–2), shows the unpaid balance under the credit agreement is $273,525.74, as of March 2, 2024. (Doc. 1 at 11.) Plaintiff brings claims for breach of contract, account stated, open account, and unjust enrichment to recover "the outstanding balances owed under the credit agreement, plus-prejudgment interest, and other such relief that the Court finds just and proper." (*Id.* at 2–4.)

Defendant was served on April 9, 2024, after Plaintiff filed suit on April 8, 2024. (Docs. 1 & 6.) Then, after Defendant failed to appear or otherwise respond to the Complaint, on May 1, 2024, Plaintiff moved for entry of default (doc. 7), which the Court construed as an Application for Clerk's Default (doc. 8). On May 15, 2024, the Clerk of Court entered default against Defendant pursuant to Rule 55(a). (Doc. 9.) Plaintiff then moved for a default judgment the same day. (Doc. 10.) On May 21, 2024, Defendant was served again with the Complaint, and also with the Clerk's entry of default, Plaintiff's motion for default judgment, and the Court's order instructing Defendant to show cause why Plaintiff's motion for default judgment should not be granted. (Doc. 12.) To date, Defendant has not appeared or otherwise responded.

## V. DISCUSSION

### A. Sufficient Basis for Default Judgment

In the Eleventh Circuit, there is a "strong policy of determining cases on their merits and [courts] therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-settled

3

that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Federal Rule of Civil Procedure 55 provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Where, as here, the Defendant has failed to respond to or otherwise acknowledge the pendency of a lawsuit against him after being served, entry of default judgment may be appropriate.

The law is clear, however, that a defendant's failure to appear and the Clerk's subsequent entry of default do not automatically entitle the plaintiff to a default judgment. A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Collins v. Andrews*, No. 1:20-cv-296-ECM, 2022 WL 4537875, at *3 (M.D. Ala. Sept. 28, 2022) (quoting *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004)). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *Collins*, 2022 WL 4537875, at *3. In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and quotations omitted) (cleaned up). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Plaintiff's Complaint and evidentiary submission establish the parties entered into a valid credit agreement and personal guaranty, and that Defendant breached

4

the agreement by failing to pay balances due and owing. That caused monetary damages to Plaintiff which the parties agreed Defendant would be liable to pay.[1] Accordingly, liability is established, Plaintiff has "provided a sufficient basis for the judgment entered," *Collins*, 2022 WL 4537875, at *3, and its motion for default judgment is due to be granted.

**B. Damages**

Plaintiff requests compensatory damages. "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Robbie's of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla. 2020) (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). "[C]ompensable damage may not be presumed but must be proven." *Stallworth v. Shuler*, 777 F.2d 1431, 1435 (11th Cir. 1985) (citing *Carey v. Piphus*, 435 U.S. 247, 263–64 (1978)).

Because "all essential evidence is already of record," a damages hearing is not necessary here. *Giovanno*, 804 F.3d at 1366. *See also Smyth*, 420 F.3d at 1232 n.13; *Adolph Coors Co.*, 777 F.2d at 1543–44. Plaintiff's evidentiary submission sets forth total damages (including interest) resulting from unpaid invoices in the amount of $273,525.74, plus costs. (Doc. 10 at 2; doc. 10-1; doc. 1 at 10–11.) That compensatory award is appropriate because of Defendant's contractual breach.[2]

---

[1] The credit agreement contains a choice-of-law provision through which the parties agreed Idaho law would govern any disputes arising under the terms of the agreement. (Doc. 1 at 9.) "In Idaho, '[t]he elements for a claim for breach of contract are: (a) the existence of the contract, (b) the breach of the contract, (c) the breach caused damages, and (d) the amount of those damages.'" *Lambirth v. USAA Cas. Ins. Co.*, 667 F. Supp. 3d 1073, 1083 (D. Idaho 2023) (quoting *Mosell Equities, LLC v. Berryhill & Co.*, 154 Idaho, 297 P.3d 232, 241 (2013)).

[2] Because default judgment will be granted on Plaintiff's breach of contract claim, Plaintiff's other claims will be dismissed without prejudice.

## VI. CONCLUSION

For these reasons, it is **ORDERED** as follows:

1. Plaintiff's *Motion for Default Judgment* (doc. 10) is **GRANTED;**

2. Judgment by default will be **ENTERED** against Defendant Oscar L. Hamilton for $273,525.74 in compensatory damages;

3. Counts Two, Three, and Four of the Complaint (doc. 1) are **DISMISSED without prejudice**;

4. A separate judgment will be issued.

**DONE** on this the 25th day of June 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE